THE STATE, EX REL. CLARK ET AL., *v.* BROWN, SECRETARY OF STATE.

[Cite as State, ex rel. Clark, v. Brown, Secy. of State,
1 Ohio St. 2d 121.]

(No. 38911—Decided March 10, 1965.)

*Messrs. Fuhrman, Gertner & Britz* and *Mr. Marc Gertner*, for relators.

*Mr. William B. Saxbe*, attorney general, and *Mr. Larry G. Brake*, for respondent.

ZIMMERMAN, J.   One question is raised by this action, viz., the validity of Section 4710.02, Revised Code, which prohibits the business of debt pooling unless such business was duly licensed by a political subdivision of the state prior to January 1, 1958, the effective date of the statute.

Relators base their attack on this section on two grounds. It is contended, first, that it violates the due process clauses of the Constitutions of the United States and of the state of Ohio by depriving them of their right to engage in a legitimate business and, second, that it violates the equal protection clauses of the federal and state Constitutions, because it creates an unreasonable classification by permitting those who were engaged in business prior to January 1, 1958, to continue therein and by prohibiting anyone after such date to start a new business of the same character.

As to due process, the constitutional right of every person to pursue his chosen business or occupation is not absolute or unlimited but is subject to the right of the state under the police power to regulate or prohibit such business or occupation, if it is necessary for the public welfare. *Great Atlantic & Pacific Tea Co.* v. *Grosjean*, 301 U. S. 412, 425, 81 L. Ed. 1193, 1201, 57 S. Ct. 772, 777, 112 A. L. R. 293, 300, and *Murphy* v. *California*, 225 U. S. 623, 56 L. Ed. 1229, 32 S. Ct. 697, 41 L. R. A. (N. S.) 153.

It has been held that even though a business in and of itself may not be insidious or immoral it may still be subject to prohibition.   Thus, in *Booth* v. *Illinois*, 184 U. S. 425, 429, 46 L. Ed. 623, 626, 22 S. Ct. 425, 427, the court said:

"* * * Is it true that the Legislature is without power to forbid or suppress a particular kind of business, where such business, properly and honestly conducted, may not, in itself, be immoral?   We think not.   A calling may not in itself be immoral, and yet the tendency of what is generally or ordinarily or often done in pursuing that calling may be towards that

which is admittedly immoral or pernicious. If, looking at all the circumstances that attend, or which may ordinarily attend, the pursuit of a particular calling, the state thinks that certain admitted evils cannot be successfully reached unless that calling be actually prohibited, the courts cannot interfere, unless, looking through mere forms and at the substance of the matter, they can say that the statute enacted professedly to protect the public morals has no real or substantial relation to that object, but is a clear, unmistakable infringement of rights secured by the fundamental law. * * *''

Therefore, a state under its police power may prohibit a business if it finds that the conduct thereof is so inimical to the public welfare that mere regulation thereof does not go far enough. *Purity Extract and Tonic Co.* v. *Lynch,* 226 U. S. 192, 57 L. Ed. 184, 33 S. Ct. 44; *Murphy* v. *California, supra* (225 U. S. 623); and *Great Atlantic & Pacific Tea Co.* v. *Grosjean, supra* (301 U. S. 412).

Of course, the wisdom of legislation is not subject to judicial inquiry, and legislative enactments are presumptively constitutional.

''Unless the question is free from doubt, it is the duty of courts to uphold legislative acts as constitutional.'' *Booten* v. *Pinson,* 77 W. Va. 412, 89 S. E. 985, L. R. A. 1917A 1244.

Whether the conduct of a particular business is so related to public health, safety or welfare as to be subject to the police power and is so inimical to the public good as to require its prohibition is primarily for legislative determination. As was said in *Benjamin* v. *City of Columbus,* 167 Ohio St. 103, 146 N. E. 2d 854, paragraph six of the syllabus:

''Whether an exercise of the police power does bear a real and substantial relation to the public health, safety, morals or general welfare of the public and whether it is unreasonable or arbitrary are questions which are committed in the first instance to the judgment and discretion of the legislative body, and, unless the decisions of such legislative body on those questions appear to be clearly erroneous, the courts will not invalidate them.''

That the statute prohibits a business which theretofore was regarded as a lawful enterprise is not destructive of the statute.

In *Curtiss* v. *City of Cleveland*, 170 Ohio St. 127, 130, 163 N. E. 2d 682, 685, it is stated in the course of the opinion:

"Even though legislation enacted pursuant to the police power makes unlawful what has theretofore been lawful and thereby decreases or even destroys the value of property which has been used in what has theretofore been a lawful undertaking, such legislation will not be considered invalid as a 'taking' of that property, within the meaning of constitutional limitations, where such legislation bears a real and substantial relation to the public health, safety, morals or general welfare and is not unreasonable or arbitrary. In enacting such legislation, a legislative body is presumed to have decided that such legislation does bear such a real and substantial relation and is not unreasonable or arbitrary. Whether such legislation bears such real and substantial relation and whether it is reasonable or arbitrary are questions committed in the first instance to the judgment and determination of the legislative body, and the decisions of such legislative body on those questions will not be disturbed unless they appear to be clearly erroneous. * * *"

For a court to strike down this type of legislation it must be apparent that the General Assembly acted arbitrarily, capriciously and erroneously and without reason or justification.

The abuses[2] growing out of debt pooling were so prevalent that a number of states have prohibited such business; and where such legislation has been attacked as violative of due process the statutes have been upheld. See, for instance, *American Budget Corp.* v. *Furman, Atty. Genl.*, 67 N. J. Sup. 134, 170 A. 2d 63; *Ferguson, Atty. Genl.*, v. *Skrupa*, 372 U. S. 726, 10 L. Ed. 2d 93, 83 S. Ct. 1028, 95 A. L. R. 2d 1347, and annotation, 1354.

Next, does the debt-pooling statute create an unreasonable classification and, for that reason, violate the equal protection clauses of the federal and state Constitutions? Relators base their contention in this regard on that part of the statute which

---

[2]Among the abuses which developed were instances where some of those engaged in the debt-pooling business collected the charges for their services from the debtor and then failed to distribute the money paid them by the debtor to the creditors according to agreement, resulting in grief and hardship to the debtor.

excepts from the operation of the prohibition those businesses which were duly licensed by a political subdivision prior to January 1, 1958. It is urged that such a time classification is unreasonable. Relators argue that if a business is sufficiently bad to prohibit, the prohibition must apply to existing as well as to future businesses; otherwise, unreasonable discrimination results.

Without doubt, the General Assembly has broad powers of classification in legislative enactments. *State, ex rel. Lourin,* v. *Industrial Commission,* 138 Ohio St. 618, 37 N. E. 2d 595.

The only requirements of the equal protection clauses are that the classification must not be arbitrary or unreasonable and that persons in the same class must be treated substantially alike; but a classification may be discriminatory and still supportable. In *Allied Stores of Ohio, Inc.,* v. *Bowers, Tax Commr.,* 358 U. S. 522, 528, 3 L. Ed. 2d 480, 486, 79 S. Ct. 437, 441, it is said:

"* * * Similarly, it has long been settled that a classification, though discriminatory, is not arbitrary nor violative of the equal protection clause of the Fourteenth Amendment if any state of facts reasonably can be conceived that would sustain it. * * *"

When the statute in issue is examined in the light of these rules, it is not so repugnant to the equal protection clauses as to be invalid.

So far as the commencement of a new debt-pooling business is concerned, relators are in no different position from that of any member of the general public. Under the statute, all persons are now prohibited from beginning a new debt-pooling business, and there is no denial of equal protection in this respect. By excepting those in business prior to the effective date of the statute, January 1, 1958, no arbitrary or unreasonable classification necessarily arises.

It was apparently determined by the General Assembly that the carrying on of a debt-pooling business can and has developed objectionable and harmful aspects, which, for the public good, should be curtailed. At the same time, it recognized that certain persons had invested both time and money in developing such business when the conduct thereof was con-

sidered legitimate. So, in enacting the legislation complained of the General Assembly concluded that the proper procedure was to prohibit future debt-pooling business but to permit those properly licensed by a political subdivision prior to the effective date of the statute to continue operations. It is important to note that only such businesses as were properly licensed are permitted to continue, *i. e.*, those businesses in existence and already subject to regulation. A classification based on these considerations has been held neither unreasonable nor arbitrary.

See *City of Miami* v. *State, ex rel. Green,* 131 Fla. 864, 180 So. 45; *Sammarco* v. *Boysa,* 193 Wis. 642, 215 N. W. 446, 55 A. L. R. 370; *State Bank of Drummond* v. *Nuesse, Commr. of Banks,* 13 Wis. 2d 74, 108 N. W. 2d 283; 16 American Jurisprudence 2d 897, Section 512 *et seq.*; annotation, 136 A. L. R. 207. Compare *State, ex rel. King,* v. *Emmons et al., Civil Service Comm.,* 128 Ohio St. 216, 190 N. E. 468; and *Harmon* v. *State,* 66 Ohio St. 249, 64 N. E. 117, 58 L. R. A. 618.

In the case of *City of Miami* v. *State, ex rel. Green, supra,* the statement is made in the opinion:

"* * * They [the cases] show a consistent judicial policy to uphold reasonable classifications to protect the health, morals, and safety of the public even though not all embracing and in its practical operation, the law assaulted may act differently on different subjects or may include some and eliminate others. If there is a sound basis in reason for the difference in effect, it will be upheld."

Or putting it a little differently, where the General Assembly enacts a statute based on a determination that because of certain abuses which have arisen in the conduct of a specific type of business it is necessary in the public interest to prohibit the commencement of future businesses of that sort, the exception from such prohibition of those businesses already in existence prior to the effective date of the statute is permissible and does not create a classification offending the equal protection clause.

Here, there are two distinct classes involved composed on the one hand of those who are already in the debt-pooling business under license and regulation and on the other of those who desire to enter that business as new operators therein against

the legislative determination that the extension of such busness is inimical to the public interest.

The authorization by law of the continuation of a business already legally sanctioned and in existence when the law takes effect has been upheld, and such authorization does not amount to unreasonable discrimination against others desiring to engage in the same business after a date when the enlargement of such business has in effect been declared detrimental to the public welfare. The law operates prospectively and not retroactively. As to those who wish to begin such objectionable business, there is no taking of property without compensation and no denial of due process of law. *Eckert* v. *Jacobs* (Tex. Civ. App.), 142 S. W. 2d 374, 378.

It has been held on a number of occasions that, because a prohibitory statute does not include all the elements or evils extant in a particular field, it is not for that reason invalid. *Yee Bow* v. *City of Cleveland*, 99 Ohio St. 269, 124 N. E. 132, 12 A. L. R. 1424; *Longbrake* v. *State*, 112 Ohio St. 13, 146 N. E. 417, 41 A. L. R. 925; *Holsman* v. *Thomas, City Clerk*, 112 Ohio St. 397, 147 N. E. 750, 39 A. L. R. 760; *Grown* v. *City of Cleveland*, 125 Ohio St. 455, 181 N. E. 897, 84 A. L. R. 708; *City of Xenia* v. *Schmidt*, 101 Ohio St. 437, 130 N. E. 24; and *Hall, Supt. of Banks*, v. *Geiger-Jones Co.*, 242 U. S. 539, 61 L. Ed. 480, 37 S. Ct. 217.

Our conclusion is that Section 4710.02, Revised Code, is violative of neither the due process nor equal protection clauses of the Constitutions of the United States and of the state of Ohio and should be recognized and upheld as a valid enactment.

The writ is, therefore, denied.

*Writ denied.*

Taft, C. J., Matthias, O'Neill, Herbert and Brown, JJ., concur.