Sanders Transfer, Inc., Appellant, *v.* Public Utilities Commission of Ohio et al., Appellees.
C. H. Hooker Trucking Company et al., Appellants, *v.* Public Utilities Commission of Ohio et al., Appellees.

(Nos. 78-932 and 78-945—Decided April 18, 1979.)

*Messrs. Sanborn, Brandon & Duvall* and *Mr. James Duvall,* for Sanders Transfer, Inc., appellant in case No. 78-932 and intervening appellee in case No. 78-945.

*Messrs. Muldoon, Pemberton & Ferris* and *Mr. Boyd B. Ferris,* for C. H. Hooker Trucking Co. and Fred Fairall Construction Co.. appellants in case No. 78-945 and intervening appellee in case No. 78-932.

Mr. *William J. Brown*, attorney general, *Mr. Marvin. I. Resnik* and *Mr. Jonathan L. Heller*, for appellee.

*Per Curiam.* Complainants contend first that the commission's determination to postpone deciding the alleged jurisdictional issue pertaining to the 1925 Certificate was unreasonable and unlawful. This contention is without merit in that the commission's refusal to presently respond to a request of nullification which initially surfaced during the public hearings was clearly within the commission's discretion. It is well settled that:

"* * * The public utilities commission is invested with a discretion as to its order of business, and there is such a wide latitude of that discretion that this court may not lawfully interfere with it, except in extreme cases." *State, ex rel. Columbia Gas & Fuel Co.,* v. *Pub. Util. Comm.* (1930), 122 Ohio St. 473, 475.

Respondent contends that the commission erred in not granting its motion to dismiss because the complainants failed to show that actual harm resulted from respondent's actions.

While the complaint does not mention specific personal harm or injury, harm caused by an unauthorized expansion of services, as alleged in the present cause, need not be personal in nature.

Under R. C. 4921.03(A), the General Assembly has delegated to the commission the duty to:

"Regulate transportation by common and contract carriers by motor vehicle in such manner as to recognize and preserve the inherent advantages of, and foster sound economic conditions in, such transportation and among such carriers in the public interest * * *."

The commission reasonably determined that the public interest had been adversely affected by respondent's actions, thus rendering it immaterial whether complainants showed any further personal harm.

Both complainants and respondent have challenged the commission's interpretation of the phrase "and vicin-

ity" as expressed in Certificate No. 2418-I. Respondent alleges that the language should be interpreted as authorizing transportation of property to and from any point in Tuscarawas County. Complainants contend that the language should be construed as authorizing transportation of property to and from Dover and New Philadelphia and the unincorporated, intervening territory.

The fact that the "and vicinity" language of Certificate No. 2418-I is ambiguous is not disputed. The issue is whether the interpretation given by the commission was unreasonable or unlawful.

Ordinarily, this court will not substitute its judgment for that of the commission unless the commission's findings are so manifestly against the weight of the evidence and so clearly unsupported by it as to show misapprehension or mistake, or willful disregard of duty. *Cleveland Elec. Illuminating Co.* v. *Pub. Util. Comm.* (1975), 42 Ohio St. 2d 403.

The commission was presented with a voluminous record of conflicting evidence and two sides of an argument which were equally logical and persuasive. It is clear then that neither respondent nor complainants have maintained their burden of proving that the commission's interpretation of the phrase "and vicinity" was against the manifest weight of the evidence.

Accordingly, the order of the commission being neither unreasonable nor unlawful is affirmed.

*Order affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.