MIDWESTERN COLLEGE OF MASSOTHERAPY et al., Appellants,

v.

STATE MEDICAL BOARD OF OHIO, Appellee.

[Cite as *Midwestern College of Massotherapy v. State Med. Bd.* (1996), 108 Ohio App.3d 424.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE04–433.

Decided Jan. 11, 1996.

*Livorno & Arnett* and *Henry A. Arnett,* for appellants.

*Betty D. Montgomery,* Attorney General, and *Lili C. Kaczmarek,* Assistant Attorney General, for appellee.

---

REILLY, Judge.

This is an appeal from the decision of the Franklin County Court of Common Pleas.

The court affirmed an order of the State Medical Board ("board"). The board placed the Provisional Certificate of Good Standing of appellant Midwestern College of Massotherapy on probation. The basis for the board's order was that the college's graduates did not demonstrate minimally adequate performance on the massage therapy examination as required by Ohio Adm.Code 4731–1–24.

A hearing was held before a board hearing examiner. She noted the following facts concerning the performances of the college's graduates in her introduction and summary of the evidence:

" * * * The Board's determination that the College's graduates have failed to demonstrate minimally adequate performance is based on its review and assessment of the following:

"1. The Board recognized the College in or about December 1990 for purposes of admitting the College's graduates to the Board's massage licensure examination, and it has since been recognized by the Board as a limited branch massage school in good standing.

"2. Since December 1990, forty-five graduates of the College have applied to take a total seventy-nine examinations. Twenty-four of College's graduates have passed the examination and have been licensed by the Board; twenty-one of the College's graduates have failed to pass both portions of the licensure examination.

"3. Seventy-three percent of the College's graduates (33 of 45 graduates) have failed the basic science portion of the examination at least once.

"4. Thirty-eight per cent of the College's graduates (17 of 45 graduates) have failed the limited branch theory portion of the examination at least once."

Further findings of fact made by the hearing officer show that graduates of appellant college have consistently scored passing rates materially below the general average. To illustrate, State's Exhibit No. 7 indicates that when the limited branch exam was held in June 1992, seventy-five percent of first-time exam takers of all massage schools passed. Nevertheless, only thirty-three percent of appellant college's graduates taking the exam for the first time passed. In June 1993, seventy-eight percent of the first-time exam takers passed, but

none from appellant college. In December 1993, eighty-nine percent of the first-time candidates passed, but only twenty-five percent of appellant's first-time exam takers passed.

The foregoing data are not disputed by appellant. Hence, the issue rests only on whether, applying such facts, the trial court abused its discretion in finding the board's placing of appellant on probation was based upon reliable, probative evidence, and in accordance with law.

Appellant asserts the following assignment of error:

"The Court of Common Pleas erred in affirming the decision of the State Medical Board since that decision was not supported by reliable, probative, and substantial evidence, and was not in accordance with law."

Appellant's representative, Robert McKinney, president and co-owner of the college, did not rebut the board's evidence. However, he presented several reasons for his students' pass record on the examinations. The hearing examiner recognized McKinney's reasons and responded to them. In particular, McKinney stated that the exams include massage therapy questions submitted previously by other massage schools. McKinney maintained that the other schools have been established longer than his college and they have access to the questions which have been submitted to the board, and have been on earlier board examinations. He claimed that these other schools have an advantage because they have been submitting test questions over a period of time.

The hearing examiner responded to this contention:

"Mr. McKinney excused the performance of the College's graduates on the basis of its comparatively short time of operation. The evidence presented, however, does not support Mr. McKinney's arguments. Forty-five of the college's graduates have applied to sit for seven biannual exams with twelve of these graduates passing the examination on the first attempt. In contrast, another massage school has also had 45 graduates apply to take the same seven biannual examinations, but ninety-six percent of this school's graduates passed the examination the first time."

Apparently, McKinney has chosen not to become involved in the preparation of test questions.

The board's order was based on appellant's exam performances as reflected in the test score data. In any event, the hearing officer's responses show that appellant's arguments were carefully considered. Hence, the hearing examiner correctly concluded that the board's allegations were in accord with the evidence produced at the hearing.

Appellants contend that the board's order is not in accordance with law because it is based on an invalid administrative rule. Appellants assert that Ohio Adm.Code 4731-1-24 is invalid because its enabling statute, R.C. 4731.19, contains no standards or criteria for the board and there has been no showing that it was impossible or impractical for the General Assembly to prescribe standards. In *Midwestern College of Massotherapy v. Ohio Med. Bd.* (1995), 102 Ohio App.3d 17, 656 N.E.2d 963, this court found that the Ohio Supreme Court has held that R.C. Chapter 4731, the State Medical Practices Act, is constitutional. This court went on to find that Ohio Adm.Code 4731-1-24 was lawful, not an unlawful delegation of legislative authority.

Appellants also argue that Ohio Adm.Code 4731-1-24 is invalid because it is vague. Appellants aver that Ohio Adm.Code 4731-1-24 allows schools to be punished if their graduates fail to demonstrate "minimally adequate performance." Appellants argue that "minimally adequate performance" is vague and that it is impossible for a school to determine whether there is compliance.

Ohio Adm.Code 4131-1-24 does not directly concern massage therapy schools and their responsibilities. It is the medical board's implementation of its responsibility to determine the standing of massage therapy schools using its discretionary authority. Within the context of Ohio Adm.Code 4731-1-24 "minimally adequate performance" is not vague and Ohio Adm.Code 4731-1-24 is not invalid.

The trial court found that the board's decision was supported by reliable, probative evidence and was in accordance with law. This court finds that there was no abuse of discretion. The board includes experts in the field with scientific and expert knowledge. Thus, the board is granted broad discretion in the interpretation and application of the rules regulating the profession. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 614 N.E.2d 748.

Appellants' assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and TYACK, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.