OPINION
This is an accelerated calendar case submitted on the record and brief of appellant, American National Property and Casualty Insurance Company ("ANPAC"). Appellees, Michael and Carrie Giel, have failed to submit a brief. ANPAC appeals from the judgment of the Geauga County Court of Common Pleas, wherein, upon the pleadings of the parties, the court granted a declaratory judgment in favor of appellees with respect to liability coverage under a homeowner's insurance policy provided by ANPAC.
Steven Murphy, a minor, was a guest at the Giel's home in Burton, Ohio. While there, he rode a motorcycle ("dirt bike") owned by the Giel's. He crashed, sustaining substantial injuries including the surgical removal of his pancreas. Murphy filed suit against the Giel's who, in turn, filed this declaratory judgment action. In his complaint, Murphy alleged the brakes on the dirt bike were inoperative as the result of defective maintenance of the bike. He alleged that because the brakes failed to work, he was forced to jump off the dirt bike in order to avoid hitting a tree.
ANPAC denied that there was coverage available under the homeowner's policy. ANPAC's decision was based on information initially obtained that indicated the accident occurred off of the insured premises. ANPAC maintained that no coverage was available for a dirt bike accident which occurred off of the premises.
The policy contained two clauses which, when read together, exclude coverage for dirt bike accidents that occur off the insured premises. In relevant part, the policy sets forth the following exclusion:
 "1. *** Personal Liability and *** Medical Payments to Others do not apply to bodily injury ***:
"***
 "h. arising out of the ownership, maintenance, use, loading, or unloading of motor vehicles or all other motorized land conveyances ***."
 In relevant part, the policy defined motor vehicles as:
"motor vehicle means:
" ***
 "c. a motorized golf cart, snowmobile, or other motorized land vehicle owned by any insured and designed for recreational use off public roads, while off an insured location. ***." (Emphasis added.)
 A "dirt bike" is clearly a motorized land vehicle designed for recreational use off public roads. But this part of the definition, and, thus, the exclusion, contains a second element, which makes a distinction regarding where the vehicle is used. The qualification states that a [dirt bike] is a "motor vehicle" while it is off the insured location. By implication, a dirt bike is not a motor vehicle for purposes of the policy when it is on the insured location. Based upon these policy provisions, ANPAC maintains that coverage for bodily injury would be available if the accident occurred on the insured property, but not if the accident occurred off of the insured property. The Giel's complaint for declaratory relief averred that the accident occurred on "a property adjacent to *** [their] residence." ANPAC's initial investigation reached the same conclusion, and it denied coverage. However, subsequent witness statements have called this conclusion into question. As this case has never been submitted to a trier of fact, the exact location has never been definitively resolved. The trial court's judgment entry drew no conclusion in this regard.
In their trial brief, the Giel's primary argument contended that the site of the accident was not dispositive of the issue of liability coverage. The Giels argued that if the act of negligence occurred on the insured premises, but the resulting injury occurs off the premises, the policy should nevertheless provide coverage, because the policy provides coverage for acts of negligence that occur on the premises. The Giels did not offer or supply any legal authority in support of this proposition. In its judgment entry, the trial court adopted this point of view, holding that the Giels "are entitled to coverage IF the accident was proximately caused by [the Giels'] negligent maintenance of the dirt bike, whether the accident occurred on or off [the Giels'] premises." (Emphasis in original.) From this judgment, ANPAC timely filed its notice of appeal, assigning the following error:
 "The trial court incorrectly concluded that no genuine issues of material fact exist and that the Giels were entitled to a declaration that coverage under the ANPAC policy was available for claims of negligent maintenance but not for claims of negligent entrustment."
 Initially, we must address the question of the standard of review. The matter appealed from was before the court pursuant to Chapter 2721 of the Ohio Revised Code. Specifically, the Giels sought a declaration of rights, responsibilities, and obligations of the parties created by the homeowner's insurance policy. R.C. 2721.03; R.C. 2721.04.
The trial court stated in its judgment entry that the matter was before the court for consideration "upon the pleadings." In a declaratory judgment action, a judgment on the pleadings may be granted where there exists no material issue of fact and one party is entitled to a declaration in his favor as a matter of law. Calhoun v. Supreme Court ofOhio (1978), 61 Ohio App.2d 1, 6. Conversely, in a declaratory judgment action, "[p]ursuant to R.C. 2721.10 issues of fact are required to be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in that court." Sterling Drug v.Wickham (1980), 63 Ohio St.2d 16, 21. Thus, if there were unresolved issues of material fact relevant to the parties' rights, responsibilities, and obligations, judgment on the pleadings would not have been appropriate.
In part, this case involves the interpretation of a contract. Where the terms of an insurance contract are clear and unambiguous, the interpretation of the insurance contract is a matter of law. NationwideMut. Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108. It is clear from the trial court's judgment entry that it decided this case as a matter of law. On appellate review, questions of law are reviewed de novo. Id., citing Ohio Bell Tel. Co. v. Pub. Util. Comm. (1992), 64 Ohio St.3d 145, 147. Thus, because we must determine if there remained relevant issues of fact and whether the trial court correctly decided issues of law, in effect, our standard of review is the equivalent of that used in a summary judgment exercise.
ANPAC maintains there were questions of fact in dispute, which should have precluded the trial court from resolving this case as a matter of law. ANPAC's argument is based on the exclusionary clause for motor vehicles in its policy combined with the policy's definition of motor vehicles. ANPAC's position is that there is liability coverage if the injuries occurred while riding the dirt bike on the insured property. Conversely, ANPAC argues if the injury occurred off of the insured property, then the exclusion applies, and there is no coverage. We agree. Consequently, because the question of where the accident occurred was in dispute and never resolved, it was error for the trial court to enter judgment on the pleadings.
The trial court neither mentioned nor addressed the exclusionary clause in its judgment entry. In its judgment, the trial court stated that there is coverage if the accident was proximately caused by negligent maintenance of the bike (which occurred on the insured property), regardless of where the injury occurred. In order to reach this conclusion, the trial court essentially voided the exclusionary clause.
In their suit, the plaintiffs alleged that the accident was proximately caused by a negligent act of the insured committed on the insured premises. ANPAC's policy provides coverage for personal liability for damages and bodily injury when "a claim is made or a suit is brought against any insured" for which "this coverage applies." The policy does not positively set forth, or otherwise define, what it covers. Rather, coverage is defined by what is excluded. The policy's motor vehicle exclusion indicates that coverage is not provided for incidents "arising out of the ownership, maintenance, use, loading, or unloading of motor vehicles or all other motorized land conveyances ***."
In spite of this clause, the trial court held there is coverage for the dirt bike if the accident was caused by the negligent maintenance of the bike. In applying the exclusionary clause in the subject policy, the exclusion of coverage for liability arising out of "maintenance" of a motor vehicle can only be considered to refer to negligent maintenance. A lawsuit against a policyholder would necessarily fail where, when supplying the element of breach of duty, the victim alleged "proper maintenance" of the vehicle. Therefore, it is evident that the exclusion for injuries arising out of the maintenance of a motor vehicle includes negligent maintenance, regardless of where the maintenance occurs. The trial court reached the opposite conclusion. Under such a broad interpretation, this and all other like homeowners policies would potentially cover motor vehicle accidents for any policyholder who ever
did any home maintenance, whether the accident occurred in Istanbul, Islip, or just down the street. This contract evinces an opposite intent.
Were we to accept the trial court's logic, the policy in question could readily be expanded to cover a motor vehicle accident which happened in an automobile which had been tuned up in the family garage. If "negligent maintenance" covers all home maintenance performed on all vehicles, in all locations under all uses, then in any accident in which the proper functioning of the vehicle is arguably a factor, the homeowner's policy would provide coverage. This is clearly not the purpose of homeowner's insurance. The policy exclusion for motor vehicles used off the premises is clear on its face.
We find no basis in the contract or the facts presented by this case to justify the nullification of the motor vehicle exclusion. Therefore, it was error for the trial court to conclude as a matter of law that the policy provides coverage for the injury at issue if it was caused by the negligent maintenance of the dirt bike. ANPAC's argument has merit. We note that our determination of this appeal in no way inhibits Murphy's right to sue the Giels for the negligent maintenance of the bike. The only question presented was whether the Giels had a contract providing insurance coverage for the incident. As
an issue of material fact remains unresolved, namely, the location of the accident in relation to the insured property, we reverse the judgment of the trial court, and remand the matter for proceedings not inconsistent with this opinion.
PRESIDING JUDGE WILLIAM M. O'NEILL, CHRISTLEY, J., concurs in judgment only with Concurring Opinion, NADER, J., concurs.
CONCURRING OPINION