THE STATE OF OHIO, APPELLEE, *v.* KLINCK ET AL.; OGREN, APPELLANT.

[Cite as State *v.* Klinck (1989), 44 Ohio St. 3d 108.]

(No. 88-630—Submitted April 6, 1989—Decided July 19, 1989.)

*Anthony G. Pizza,* prosecuting attorney, *Curtis E. Posner* and *George F. Runner,* for appellee.

*Ogren, Newcomer & McCarter* and *C. Thomas McCarter,* for appellant.

*R. David Picken,* Madison County Prosecutor, and *Stephen L. Hume,* urging affirmance for *amicus curiae,* Ohio Prosecuting Attorneys' Association.

GREY, J. Effective July 1, 1976, the Ohio General Assembly adopted Am. Sub. H.B. No. 300 (136 Ohio Laws, Part II, 2311) to comprehensively revise Ohio's drug abuse prevention and control laws and to bring them into conformity with the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970 ("federal Act").

The provisions of Ohio's Uniform Controlled Substances Act ("Ohio Act"), R.C. Chapter 3719, parallel those of the federal Act, codified at Section 801 *et seq.,* Title 21, U.S. Code.

R.C. 3719.43 delegates quasi-legislative authority to the Attorney General of the United States, as follows:

"When pursuant to the federal drug abuse control laws the attorney general of the United States adds a compound, mixture, preparation, or substance to a schedule of the laws, transfers any of the same between one schedule of the laws to another, or removes a compound, mixture, preparation, or substance from the schedules of the laws then such addition, transfer, or removal is automatically effected in the corresponding schedule or schedules in section 3719.41 of the Revised Code, subject to amendment pursuant to section 3719.44 of the Revised Code."

R.C. 3719.44 delegates quasi-legislative authority to the State Board of Pharmacy ("board"), as follows: ·

"(A) Pursuant to this section, and by rule· adopted pursuant to Chapter 119. of the Revised Code, the state board of pharmacy may do any of the following with respect to schedules I, II, III, IV, and V established in section 3719.41 of the Revised Code:

"(1) Add a previously unscheduled compound, mixture, preparation, or substance to any such schedule;

"(2) Transfer a compound, mixture, preparation, or substance from one such schedule to another, provided such transfer does not have the effect under Chapter 3719. of the Revised Code · of providing less stringent control of such compound, mixture, preparation, or substance than is provided under federal narcotic laws[;]

"(3) Remove a compound, mixture, preparation, or substance from the schedules where the board had previously added· the compound, mixture, preparation, or substance to the schedules, provided that the removal shall not have the effect under Chapter 3719. of the Revised Code of providing less stringent control of such compound, mixture, preparation, or substance than is provided under federal narcotic laws."

On July 1, 1978, pentazocine became a Schedule II controlled substance pursuant to the authority of the board under the guidelines established by R.C. 3719.44. Sterling Drug Company, the parent of the manufacturer of pentazocine, brought a declaratory judgment action challenging the classification.

On February 9, 1979, pursuant to the federal Act, the Attorney General classified pentazocine as a Schedule IV controlled substance on the federal schedules. Pursuant to R.C. 3719.43, pentazocine was automatically incorporated into Schedule IV of the Ohio schedules.

In *Sterling Drug, Inc.* v. *Wickham* (1980), 63 Ohio St. 2d 16, 17 O.O. 3d 10, 406 N.E. 2d 1363, we found that the board failed to prove the dependency criteria of pentazocine as required by R.C. 3719.44(D) when it classified pentazocine as a Schedule II controlled substance. We also recognized that R.C. 3719.44 is a valid delegation of state legislative authority to the board.

The issue presented by this appeal is whether R.C. 3719.43, which provides for automatic revision of the Ohio schedules to correspond to the revisions of the federal schedules by the Attorney General, is an unconstitutional delegation of state legislative authority to a federal agency.

We hold that the procedure in R.C. 3719.43 does not result in an unconstitutional delegation of state legislative authority.

A legislative act is presumed constitutional and the presumption is only overcome by showing beyond a reasonable doubt that the legislative act and constitutional provision are incompatible. See *State, ex rel. Brockman,* v. *Proctor* (1973), 35 Ohio St. 2d 79, 64 O.O. 2d 50, 298 N.E. 2d 532.

Section 1, Article II of the Ohio Constitution reads, in part:

"The legislative power of the state

shall be vested in a general assembly * * * ."

Ordinarily, a state legislature cannot delegate legislative power to a federal agency because it has no control or authority over it. See *Cleveland v. Piskura* (1945), 145 Ohio St. 144, 30 O.O. 340, 60 N.E. 2d 919.

However, when R.C. 3719.43 and 3719.44 are construed together, the board, which has already been confirmed to be a proper delegatee of legislative authority, retains control over the decision made by the federal agency. Even though the Attorney General has acted, the board still retains the authority to transfer a drug to another schedule so long as the transfer does not have the effect of providing less stringent control than provided under federal law. See R.C. 3719.43 and 3719.44(A)(2).

Although pentazocine was automatically incorporated into Schedule IV of the Ohio schedules when the Attorney General added it to the federal schedule, the classification was subject to amendment by the board. The board had the authority to transfer pentazocine to another schedule. The board could have met, pursuant to R.C. 3719.42, and provided more stringent control by transferring pentazocine to Schedule III.

Appellants have failed to establish that R.C. 3719.43 and Section 1, Article II of the Ohio Constitution are incompatible.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES and WRIGHT, JJ., concur.

SWEENEY, DOUGLAS and H. BROWN, JJ., dissent.

LAWRENCE GREY, J., of the Fourth Appellate District, sitting for RESNICK, J.

SWEENEY, J., dissenting. I must respectfully dissent from the holding of the majority because I believe that R.C. 3719.43 amounts to an unconstitutional abdication of state legislative authority in violation of Section 1, Article II of the Ohio Constitution. As observed by the majority, this court in *Sterling Drug, Inc.* v. *Wickham* (1980), 63 Ohio St. 2d 16, 17 O.O. 3d 10, 406 N.E. 2d 1363, recognized as valid the decision of the General Assembly to delegate to the State Board of Pharmacy the authority to place individual pharmaceutical substances on particular schedules. The *Sterling Drug* decision (in which I concurred) acknowledged that R.C. 3719.44(D) was a proper delegation of *state* legislative authority to a *state* administrative body. However, that is not the issue before this court today.

Rather, the instant controversy arises in the context of R.C. 3719.43 — a statute which attempts to delegate *state* legislative authority to a *federal* administrative officer. As noted in *Cleveland* v. *Piskura* (1945), 145 Ohio St. 144, 158, 30 O.O. 340, 346, 60 N.E. 2d 919, 925: "It is a generally accepted principle that a state legislature cannot delegate legislative power to a federal agency."

Thus, our prior determination that R.C. 3719.44 is valid is wholly irrelevant to our interpretation of R.C. 3719.43. The majority nevertheless concludes that R.C. 3719.43 and 3719.44 when "construed together" render the former section constitutional.

In my view, this analysis is unpersuasive. As an initial matter, placement of a substance on a higher schedule by the United States Attorney General precludes an independent evaluation by the State Board of

Pharmacy which may result in its inclusion on a lower schedule — thereby divesting the state of its constitutional authority to determine what acts are criminal under state law. Secondly, placement of substances on schedules pursuant to R.C. 3719.43 is wholly independent of the process employed by the State Board of Pharmacy pursuant to R.C. 3719.44. Thus, placement of substances on schedules by the Attorney General pursuant to R.C. 3719.43 renders certain acts criminal irrespective of any formal action by the sovereign authority on behalf of which such measures are taken.

Finally, assuming that substance placement by the Attorney General may be subsequently ratified by the State Board of Pharmacy pursuant to R.C. 3719.44 by also placing the substance on the same schedule, no such authority was exercised relative to the substance at issue in the case at bar.

Accordingly, I believe that R.C. 3719.43 is an unlawful delegation of state legislative authority to a federal agency as specifically recognized in *Cleveland* v. *Piskura, supra.* I would therefore reverse the judgment of the court of appeals and uphold the dismissal of the indictment by the common pleas court.

DOUGLAS and H. BROWN, JJ., concur in the foregoing dissenting opinion.