**The STATE of Ohio, Appellee,**

**v.**

**INGRAM, Appellant.**

[Cite as *State v. Ingram* (1989), 64 Ohio App.3d 30.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880374.

Decided Aug. 30, 1989.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *Leonard Kirschner,* for appellee.

*Friedman, Gilbert & Berezin* and *Terry H. Gilbert; Dolle, Rueger & Mathews Co., L.P.A.,* and *Wm. Stewart Mathews II,* for appellant.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County, Ohio, the transcript of the proceedings, the briefs, and the oral arguments of counsel.

Defendant-appellant, David B. Ingram, was arrested on February 4, 1987, and charged with possessing, transporting, and selling methylenedioxymeth-amphetamine ("MDMA"), a Schedule I controlled substance, in violation of R.C. 2925.03(A)(2), (6), and (7). See R.C. 3719.41, Schedule I, (C)(7). Appellant initially sought a dismissal on the basis that the scheduling of drugs under R.C. 3719.43 constituted an unconstitutional delegation of legislative power. The trial court overruled the motion, and appellant filed a subsequent motion to dismiss based upon the then recent decision of *Grinspoon v. Drug Enforcement Administration* (C.A. 1, 1987), 828 F.2d 881. This second motion to dismiss was also overruled by the trial court.

Ingram then pleaded no contest, was found guilty of all three charges, and received concurrent sentences of five to fifteen years on Count I, three to five years on Count II, and a two-year definite sentence on Count III. Fines of $7,500, $5,000 and $2,000 were imposed respectively.

■ Appellant's sole assignment of error attacks the trial court's denial of his motions to dismiss. Appellant first argues that Ohio's adoption of the United States Attorney General's drug scheduling scheme constitutes an unconstitutional delegation of state legislative power to a federal agency and that therefore his first motion to dismiss, based upon this ground, should have been granted. This contention is not well taken.

■ The Ohio Constitution vests the legislative power in the Ohio General Assembly. This power may be delegated to a certain extent so long as the legislature creates and defines standards and guidelines for the administration of the delegated power. *State v. Switzer* (1970), 22 Ohio St.2d 47, 51 O.O.2d 69, 257 N.E.2d 908; *Belden v. Union Central Life Ins. Co.* (1944), 143 Ohio St. 329, 28 O.O. 295, 55 N.E.2d 629.

The Ohio Legislature has set forth its policies and guidelines regarding controlled substances under the Controlled Substances Act contained in R.C. Chapter 3719. R.C. 3719.41 details the schedules of drugs subject to control by the Ohio Legislature, while R.C. 3719.43 and 3719.44 contain provisions for altering and updating the drug schedules. R.C. 3719.43 essentially states that when the United States Attorney General determines that a drug should be scheduled, the drug is automatically placed on the corresponding Ohio schedule. R.C. 3719.44 provides for the state board of pharmacy's review and amendment of the Ohio drug schedules at any time and also details guidelines for the board's consideration when it determines whether a compound should be added to or transferred from a particular schedule.

In the case *sub judice*, MDMA became a Schedule I drug under R.C. 3719.41 automatically, pursuant to R.C. 3719.43, when the federal Drug

Enforcement Agency ("DEA") added it to Schedule I of the federal Controlled Substances Act. Following this, pursuant to R.C. 3719.44, the Ohio Board of Pharmacy could have altered the inclusion of MDMA in Ohio's drug schedules to ensure that the scheduling of MDMA complied with the policies and guidelines set by the Ohio Legislature under R.C. Chapter 3719. The Ohio Board of Pharmacy failed to alter MDMA's placement in the Ohio drug schedules. Accordingly, appellant's claim that the Ohio General Assembly "has left the determination of what constituted criminal activity under state law to a federal agency over which it has no authority or control" is meritless. See *State v. Klinck* (1989), 44 Ohio St.3d 108, 541 N.E.2d 590.

Appellant next contends that the trial court should have granted his second motion to dismiss under which he argued that his convictions were improper under the authority of *Grinspoon, supra.* This argument is likewise untenable.

MDMA was temporarily placed in Schedule I of the federal Controlled Substances Act ("CSA") by the DEA in July 1985 pursuant to the emergency scheduling provisions of Section 811(h)(1), Title 21, U.S.Code. The substance was permanently added to Schedule I of the CSA in November 1986. In September 1987, the First Circuit Court of Appeals held in *Grinspoon, supra,* that the DEA had not followed proper scheduling procedures regarding MDMA and thereupon vacated the drug's placement in Schedule I of the CSA. MDMA was then rescheduled as a Schedule I controlled substance by the DEA in March 1988.

Appellant maintains that MDMA was not properly scheduled under the Federal drug-scheduling provisions until March 1988 when the DEA complied with the scheduling procedures, and that MDMA was not properly added as a Schedule I controlled substance in Ohio under R.C. 3719.43 until that date. Appellant therefrom concludes that his convictions must fail since the offenses occurred at a time when MDMA was not properly scheduled. These contentions are feckless.

The fact that MDMA was temporarily vacated from Schedule I of the CSA for a brief period of time following appellant's arrest is immaterial. When appellant committed the offenses in February 1987 MDMA was a Schedule I controlled substance under both the federal and state scheduling provisions. Accordingly, appellant's convictions for possessing, transporting and selling MDMA in violation of R.C. 2925.03(A)(2), (6) and (7) were proper.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KLUSMEIER and UTZ, JJ., concur.