OPINION
Appellant Frederick McIntyre is appealing the decision of the Stark County Court of Common Pleas which found him to be a "sexual predator" as defined in R.C. 2950.01(E). The following facts give rise to this appeal.
In 1993, the Stark County Grand Jury indicted appellant on three counts of rape, one count of felonious sexual penetration, three counts of sexual battery, and one count of gross sexual imposition. These charges were the result of appellant's continuous sexual abuse of his eleven-year-old stepdaughter over a two-year period. According to appellant's confession to the police, the abuse included sexual intercourse, oral sex, and digital penetration.
Appellant entered a plea of not guilty. However, prior to trial, the state amended the indictment to change the three counts of rape to three counts of attempted rape. The state merged the remaining counts into the three amended counts of attempted rape. Appellant thereafter entered a guilty plea to the counts contained in the amended indictment. The trial court sentenced appellant to an indeterminate term of imprisonment of eight to fifteen years on each of the three counts of attempted rape to be served concurrently.
After the enactment of Ohio's version of Megan's Law, in R.C. Chapter 2950, the warden of the Ohio penal institution where appellant is incarcerated recommended that appellant be classified a "sexual predator". Prior to this hearing, appellant filed several motions raising a number of constitutional challenges to R.C. Chapter 2950. The trial court overruled appellant's motions and conducted the classification hearing on September 10, 1997. On September 11, 1997, the trial court issued a judgment entry finding appellant to be a "sexual predator".
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. WHERE THE COURT HOLDS THAT EX POST FACTO APPLICATION OF A PUNITIVE STATUTE IS ACCEPTABLE, THE DEFENDANT'S RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS ARE VIOLATED.
 II. WHERE THE COURT ALLOWS RETROACTIVE APPLICATION OF A STATUTE, THE DEFENDANT'S RIGHTS UNDER THE OHIO CONSTITUTION ARE VIOLATED.
 III. WHERE THE COURT ALLOWS A DEFENDANT TO BE PUNISHED TWICE FOR THE SAME OFFENSE, THE DEFENDANT'S RIGHT TO BE FREE FROM DOUBLE JEOPARDY UNDER THE UNITED STATES AND OHIO CONSTITUTIONS HAS BEEN VIOLATED.
 IV. WHERE THE COURT FAILS TO BAR APPLICATION OF AN UNCONSTITUTIONALLY VAGUE STATUE (SIC) TO A DEFENDANT, THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE UNITED STATES AND OHIO CONSTITUTIONS HAS BEEN VIOLATED.
 V. WHERE A COURT DENIES A REASONABLE REQUEST FOR A CONTINUANCE OF A H.B. 180 CLASSICATION (SIC) HEARING TO ALLOW PROCUMENT (SIC) OF EVIDENCE RELATED TO STATUTORY FACTORS, THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE UNITED STATES AND OHIO CONSTITUTIONS HAS BEEN VIOLATED.
 VI. WHERE A COURT CLASSIFIES A DEFENDANT AS A SEXUAL PREDATOR WITHOUT A SHOWING OF CLEAR AND CONVINCING EVIDENCE, THE DEFENDANT'S RIGHT TO DUE PROCESS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS HAS BEEN VIOLATED.
 I, II
We will address appellant's first and second assignments of error simultaneously as both concern the retroactive application of R.C. Chapter 2950. Appellant maintains, in his first assignment of error, the retroactive provisions of R.C. Chapter 2950 violate the Ex Post Facto Clause of the United States Constitution. In his second assignment of error, appellant contends the retroactive provisions of R.C. Chapter 2950 violate Article II, Section 28 of the Ohio Constitution. We disagree with both assignments of error.
In the recent case of State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court addressed this issue. The Court held in paragraphs one and two of the syllabus as follows:
 1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II
of the Ohio Constitution.
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I
of the United States Constitution.
Based upon the above two paragraphs, of the syllabus in Cook, we overrule appellant's first and second assignments of error.
Appellant's first and second assignments of error are overruled.
 III
In his third assignment of error, appellant maintains the retroactive application of the registration and notification provisions of R.C. Chapter 2950 constitute double jeopardy. We disagree.
In the case of E.B. v. Verniero (C.A.3, 1997), 119 F.3d 1077,1092, the Third Circuit Court of Appeals explained that neither the Ex Post Facto Clause nor the Double Jeopardy Clause are implicated unless the state has inflicted "punishment". Thus, the threshold question under a double jeopardy analysis is whether the registration and community notification provisions of the statute constitute "punishment".
In the Cook decision, the Ohio Supreme Court addressed the issue of whether the registration and notification provisions of R.C. Chapter 2950 were punitive or remedial in nature as it pertained to ex post facto and retroactive review analysis. The Court relied upon the test set forth in Kennedy v.Mendoza-Martinez (1963), 372 U.S. 144. Based upon this test, the Court concluded that the legislation was not punitive. See, Cook
at 417. The Court explained:
 * * * R.C. Chapter 2950 serves the solely remedial purpose of protecting the public. Thus, there is no clear proof that R.C. Chapter 2950 is punitive in its effect. We do not deny that the notification requirements may be a detriment to registrants, but the sting of public censure does not convert a remedial statute into a punitive one * * *. Id. at 423.
Clearly, the Ohio Supreme Court determined the registration and notification provisions, not being punitive in nature, do not constitute punishment. Therefore, appellant cannot make a claim of double jeopardy.
Appellant's third assignment of error is overruled.
 IV
Appellant maintains, in his fourth assignment of error, the provisions of R.C. Chapter 2950 are unconstitutionally vague. We disagree.
Appellant specifically argues the statutory scheme of R.C. Chapter 2950 does not provide meaningful guidance as to which convicted sex offenders are included within its ambit, does not specify the allocation of the burden of proof, and does not provide for a definition of "sexual predator" that does not call for speculation. In State v. Collier (1991), 62 Ohio St.3d 267,269, the Ohio Supreme Court explained:
 It is well established that all legislative enactments must be afforded a strong presumption of constitutionality. State v. Anderson (1991), 57 Ohio St.3d 168, 566 N.E.2d 1224; State v. Klinck (1989), 44 Ohio St.3d 108, 541 N.E.2d 590; State v. Tanner (1984), 15 Ohio St.3d 1, 15 OBR 1, 472 N.E.2d 689. Moreover, if at all possible, statutes must be construed in conformity with the Ohio and United States Constitutions. See Tanner, supra, at 2, 15 OBR at 2, 472 N.E.2d at 690, citing R.C. 1.47. Lastly, the party asserting that a statute is unconstitutional must prove this assertion beyond a reasonable doubt in order to prevail. Anderson, supra, 57 Ohio St.3d at 171, 566 N.E.2d at 1226.
Thus, appellant has the burden to demonstrate the statutory scheme is unconstitutional beyond a reasonable doubt and the scheme cannot be construed in any way that is in conformance with constitutional principles. In the context of the void-for-vagueness argument, the Collier court explained:
 In Anderson, supra, this court unanimously held that "[i]n order to prove such an assertion, the challenging party must show that the statute is vague `not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all. * * *' Coates v. Cincinnati (1971), 402 U.S. 611, 614 [91 S.Ct. 1686, 1688, 29 L.E.2d 214, 217]. In other words, the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law. Thus, to escape responsibility * * *, appellee must prove, beyond a reasonable doubt, that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." Anderson, supra, 57 Ohio St.3d at 171, 566 N.E.2d at 1226-1227.
 A tripartite analysis must be applied when examining the void-for-vagueness doctrine. See Papachristou v. City of Jacksonville (1972), 405 U.S. 156, 92 S.Ct. 839, 31 L.E.2d 110; Grayned v. City of Rockford (1972), 408 U.S. 104, 92 S.Ct. 2294, 33 L.E.2d 222; Kolender v. Lawson
(1983), 461 U.S. 352, 103 S.Ct. 1855, 75 L.E.2d 903. In Tanner, supra, Justice Locher instructed that "[t]hese values are first, to provide fair warning to the ordinary citizen so behavior may comport with the dictates of the statute; second, to preclude arbitrary, capricious and generally discriminatory enforcement by officials given too much authority and too few constraints; and third, to ensure that fundamental constitutionally protected freedoms are not unreasonably impinged or inhibited. Proper constitutional analysis necessitates a review of each of these rationales with respect to the challenged statutory language." Id., 15 Ohio St. 3d at 3, 15 OBR at 3, 472 N.E.2d at 691.
* * *
 * * * [T]o be enforceable, legislation need not be drafted with scientific precision. Anderson, supra, 57 Ohio St. 3d at 174, 566 N.E.2d at 1229. Indeed, "`* * * few words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. * * *'" Id., quoting Boyce Motor Lines, Inc. v. United States (1952), 342 U.S. 337, 340, 72 S.Ct. 329, 330-331, 96 L.Ed. 367, 371. See, also, Grayned, supra, 408 U.S. at 110, 92 S.Ct. at 2300, 33 L.E.2d at 228-229. Collier at 269-270.
We do not find R.C. Chapter 2950 to be unconstitutionally vague. The statutory scheme provides meaningful and detailed guidance as to the procedures for conducting R.C. Chapter 2950 proceedings. The standard of proof is clear and convincing evidence; therefore, the state must prove that the offender is a sexual predator by this standard of proof before the court can make a finding that the offender is such a predator. R.C.2950.09(B)(3).
Appellant maintains the definition of "sexual predator" is imprecise and invites speculation. R.C. 2950.01(E) defines "sexual predator" as:
 * * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
The fact that the statute requires the trial court to assess the likelihood of future misconduct does not render the statute unconstitutionally vague. Trial courts are required to make this determination, on a daily basis, with regard to sentencing matters.
Although the Ohio Supreme Court did not consider the question of vagueness in the Cook decision, other Courts of Appeals have found the statute not unconstitutionally vague. E.g., State v.Myers (Oct. 14, 1998), Washington App. No. 97-CA-36, unreported;State v. Duvall (Dec. 30, 1998), Lorain App. No. 97-CA-006863, unreported; State v. Beaucamp (Dec. 11, 1998), Drake App. No. 1463, unreported; State v. White (Dec. 3, 1998), Franklin App. No. 98-AP-516, unreported. Based on our analysis and the conclusion of various Court of Appeals, we find R.C. Chapter 2950 is not unconstitutionally vague.
Appellant's fourth assignment of error is overruled.
 V
In his fifth assignment of error, appellant contends the trial court erred in denying his request for a continuance of the classification hearing. We disagree.
Appellant requested a continuance on the basis that his next parole hearing was not until October, 1999, and the trial court should have continued this matter so it could review appellant's conduct between now and his eventual release date. The grant or denial of a continuance rests in the sound discretion of the trial court. State v. Unger (1981), 67 Ohio St.2d 65, syllabus. The term "abuse of discretion" connotes more than an error of law or of judgment, it implies the trial court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157.
In support of his position, appellant relies on R.C.2950.09(B)(2)(f), which reads:
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders.
It is apparent from a complete reading of this statutory factor, the General Assembly contemplated the completion of a sentence for a prior offense, and not the current offense for which the trial court is making the sexual predator determination. Although appellant implicitly argues this factor is designed to weigh in favor of an offender, the statutory factor could actually be weighed against an offender. If an offender was previously convicted of a sexual offense and participated in available programs for sex offenders, but reoffended after the completion of his sentence, this factor would tend to demonstrate the offender is, in fact, a sexual predator as defined by the statute.
Additionally, the statutory scheme of R.C. 2950.09
contemplates a hearing soon after the Department of Rehabilitation and Correction recommends an offender be adjudicated a sexual predator. When the offender is sentenced on or after the effective date of R.C. 2950.09, a trial court is required to conduct the sexual predator hearing prior to sentencing. R.C.2950.09(B)(1). If the offender was sentenced prior to the effective date of R.C. Chapter 2950, and the Department recommends the offender be adjudicated a sexual predator, the statute authorizes the trial court, upon receipt of such recommendation, to conduct a hearing to determine whether the offender is a sexual predator. R.C. 2950.09(C)(2). If the trial court schedules a hearing, the trial court is required to notify the offender and the prosecutor of the date, time, and place of the hearing. Id.
The hearing is to be conducted in the same manner as a hearing for an offender sentenced after the effective date of the statute.Id. Although the statute does not specifically set forth the time frame in which a trial court must schedule a hearing following receipt of the Department of Rehabilitation and Correction's recommendation, it does not appear the statute contemplates or requires the trial court to conduct the hearing near the offender's date of release.
Assuming, arguendo, R.C. 2950.09(B)(2)(f) applies to the current offense, the fact the trial court may consider whether an offender has participated in available programs does not mandate the time frame in which the trial court must conduct the classification hearing. Although the trial court may conduct a hearing prior to the offender having the opportunity to participate in sex offender programs, such does not render the factor meaningless. An offender, who has been adjudicated a sexual predator, may potentially benefit from subsequent participation in available programs. R.C. 2950.09(D)(1) allows an offender, who has been adjudicated a sexual predator, to petition the trial court to enter a determination he should no longer be classified as such.
R.C. 2950.09(D)(1) reads, in part:
 * * * an offender who has been convicted of or pleaded guilty to a sexually oriented offense and who has been adjudicated as being a sexual predator relative to the sexually oriented offense in the manner described in division (B) or (C) of this section may petition the judge who made the determination that the offender was a sexual predator, or that judge's successor in office, to enter a determination that the offender no longer is a sexual predator. * * *
 (a) * * * if, on or after the effective date of this section, the offender is imprisoned or sentenced to a prison term or other confinement for the sexually oriented offense in relation to which the determination was made, the offender initially may file the petition not earlier than one year prior to the offender's release from the imprisonment, prison term, or other confinement by discharge, parole, judicial release, or any other final release. * * *
 (b) After the offender's initial filing of a petition under division (D)(1)(a) of this section, thereafter, an offender may file a petition under this division upon the expiration of five years after the court has entered an order denying the most recent petition the offender has filed under this division.
Because an offender has an opportunity to petition the trial court for a redetermination of the classification, the trial court may then consider whether the offender participated in available programs. At that point, the factor becomes relevant.
Based upon the above, we find the trial court's decision to deny appellant's request for a continuance was not arbitrary, unreasonable or unconscionable.
Appellant's fifth assignment of error is overruled.
 VI
In his final assignment of error, appellant maintains the trial court erred in classifying him as a "sexual predator" without a record of clear and convincing evidence to support the finding. We disagree.
Appellant's fifth assignment of error essentially sets forth a manifest weight of the evidence claim. We find this to be the applicable standard of review as the Ohio Supreme Court, in theCook decision, addressed a similar challenge under a manifest weight standard of review. See Cook at 426. In appellant's third assignment of error, we previously determined, pursuant to theCook decision, R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this claim under the standard of review contained in C.E. Morris Co. v. Foley Construction
(1978), 54 Ohio St.2d 279.
Under this standard of review, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris at syllabus.
The essential factors a trial court is to consider in determining whether a person should be classified as a "sexual predator" is contained in R.C. 2950.09(B)(2). This statute provides:
 In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The Ohio Supreme Court, in the Cook case, explained that "[a]t the hearing, the offender and the prosecutor have the opportunity to testify, present evidence, and call and examine witnesses and expert witnesses regarding the determination of whether the offender is a sexual predator." Cook at 423. It is this procedure the trial court should follow in making a sexual predator determination.
In its judgment entry of September 11, 1997, the trial court considered the above factors. The trial court noted that appellant was the stepfather of the victim, who was approximately eleven years old. Judgment Entry, September 11, 1997, at 1. The trial court also noted the continuing course of conduct of the appellant. Appellant engaged in oral sex and other sexual activities with his stepdaughter over a two-year period. Id. The trial court found this demonstrated a continuing pattern of abuse.Id. at 1. Appellant used his position of trust and loyalty to use her for his own purposes. Id. The trial court noted that evidence produced, at the hearing, indicated appellant believed his stepdaughter to be his "ideal" woman and he saw nothing wrong with his relationship with his stepdaughter. Id. Based upon the above factors, the trial court concluded, by clear and convincing evidence, that appellant should be classified as a "sexual predator" as defined in R.C. 2950.01(E). Id.
Based upon our review of the record, we find there is relevant, competent and credible evidence to support the trial court's conclusion, by clear and convincing evidence, that appellant should be classified as a "sexual predator". The trial court's conclusion is not against the manifest weight of the evidence.
Appellant's sixth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P. J., Gwin, J., and Farmer, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.