OPINION
Defendant-appellant Nick Nosic appeals the July 22, 1997 Judgment Entry of the Stark County Court of Common Pleas adjudicating him a "sexual predator" as defined in R.C.2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 6, 1993, the Stark County Grand Jury indicted appellant on one count of statutory rape, in violation of R.C.2907.02. The indictment alleged appellant had engaged in sexual conduct with Theresa Nosic, a minor child under the age of thirteen. At his arraignment on July 9, 1993, appellant entered a plea of not guilty to the charge. On September 15, 1993, appellant withdrew his plea of not guilty and entered a plea of guilty to one count of rape as charged in the indictment. The trial court sentenced appellant to an indeterminate term of imprisonment of five to twenty-five years.
After the enactment of H.B. 180, Ohio's version of Megan's Law, the Warden of the Allen Correctional Institution, the institution in which appellant was confined, recommended to the trial court appellant be classified a "sexual predator". On April 23, 1997, the trial court scheduled a hearing for June 11, 1997. On that day, the trial court continued the hearing until June 25, 1997. Also on June 11, 1997, appellant filed motions to dismiss based upon ex post facto and retroactivity grounds, and double jeopardy grounds; a motion to declare H.B. 180 unconstitutionally vague; and a motion for disclosure of information. Via Judgment Entry dated June 16, 1997, the trial court denied appellant's constitutional challenges to the sexual predator law.
Prior to the commencement of the hearing on June 25, 1997, appellant made an oral motion for a continuance of the hearing until a date closer to his potential release date from prison. Appellant argued because one of the factors a trial court is to consider when making a determination of whether an offender is a sexual predator is whether the offender has availed himself of the programs available in the penal institution, a hearing so far in advance of his parole date of November, 2006, precluded him from potentially satisfying this criteria. Appellant explained he is on a waiting list for the offender program at the Allen Correctional Institution. The trial court overruled the request for a continuance and proceeded with the hearing.
The State presented the trial court with the indictment, the change of plea form, and the judgment entry of conviction and sentence. The State informed the trial court the abuse began when the victim was five years old and continued for a period of approximately six years. The State further noted the victim and appellant were relatives. Appellant did not present any evidence at the hearing. After taking the matter under advisement, the trial court adjudicated appellant a sexual predator. The trial court memorialized its decision in a Judgment Entry dated July 22, 1997.
It is from this judgment entry appellant prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN OVERRULING APPEALLANT'S [SIC] MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS. (APPENDIX AT A-9).
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS. (APPENDIX AT A-9).
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS. (APPENDIX AT A-9).
 IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE. (APPENDIX A-9).
 V. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A CONTINUANCE OF THE H.B. 180 CLASSIFICATION HEARING. (APPENDIX AT A-28).
 VI. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT IS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING. (APPENDIX AT A-17).
 I
In his first assignment of error, appellant contends the trial court erred in overruling his motion to dismiss the H.B. 180 proceedings against him because Ohio's Sexual Predator Law violates the Ex Post Facto Clause of the United States Constitution.
The Ohio Supreme Court recently addressed this issue in Statev. Cook (1998), 83 Ohio St.3d 404. The Cook Court held:
 R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Po Se Facto Clause of Section 10, Article I of the United States Constitution.
 Id. at par. 2 of syllabus (Citation omitted).
Based upon the authority of State v. Cook, supra, we find the trial court did not err in overruling appellant's motion to dismiss on ex post facto grounds.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court erred in overruling his motion to dismiss because the application of R.C. 2950. et seq., Ohio's Sexual Predator Law, to him violates the Retroactivity Clause of the Ohio Constitution.
The Ohio Supreme Court also addressed this issue in State v.Cook, supra, holding:
 R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 Id. at par. 1 of syllabus.
Based upon the authority of State v. Cook, supra, we find the trial court did not err in overruling appellant's motion to dismiss as unconstitutionally retroactive.
Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant asserts the trial court erred in overruling his motion to dismiss the proceedings on double jeopardy grounds.
In E.B. v. Verniero (C.A. 3, 1997), 119 F.3d 1077, 1092, the Third Circuit Court of Appeals explained the Ex Post Facto Clause and the Double Jeopardy Clause are not implicated unless a State has inflicted "punishment" upon the accused. Thus, in the instant appeal, the threshold question under a double jeopardy analysis is whether the registration and community notification provisions of Ohio's Sexual Predator Law constitute "punishment".
In determining whether the registration and notification requirements of R.C. Chapter 2950 violated the Ex Post Facto
Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution, the Ohio Supreme Court in Statev. Cook, supra, analyzed whether the provisions were punitive or remedial in nature. Finding the registration and notification provisions are non-punitive and reasonably necessary for the intended purpose of protecting the public, the Supreme Court concluded:
 R.C. Chapter 2950 serves the solely remedial purpose of protecting the public. Thus, there is no clear proof that R.C. Chapter 2950 is punitive in its effect. We do not deny that the notification requirements may be a detriment to registrants, but the sting of public censure does not convert a remedial statute into a punitive one.
Because the notification and registration requirements of R.C. Chapter 2950 are remedial in nature, the double jeopardy clause is not implicated. Accordingly, we find the trial court did not err in overruling appellant's motion to dismiss on double jeopardy grounds.
Appellant's third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant argues the trial court erred in overruling his motion to dismiss because H.B. 180 is unconstitutionally vague. Specifically, appellant maintains R.C. 2950.09(C) fails to provide the trial court with sufficient guidance for determining whether or not an offender is a sexual predator and fails to allocate the burden of proof.
In State v. Collier (1991), 62 Ohio St.3d 267, 269, the Ohio Supreme Court explained:
 It is well established that all legislative enactments must be afforded a strong presumption of constitutionality. State v. Anderson (1991), 57 Ohio St.3d 168, 566 N.E.2d 1224; State v. Klinck (1989), 44 Ohio St.3d 108, 541 N.E.2d 590; State v. Tanner (1984), 15 Ohio St.3d 1, 15 OBR 1, 472 N.E.2d 689. Moreover, if at all possible, statutes must be construed in conformity with the Ohio and United States Constitutions. See Tanner, supra, at 2, 15 OBR at 2, 472 N.E.2d at 690, citing R.C. 1.47. Lastly, the party asserting that a statute is unconstitutional must prove this assertion beyond a reasonable doubt in order to prevail. Anderson, supra, 57 Ohio St.3d at 171, 566 N.E.2d at 1226.
Thus, appellant has the burden to demonstrate the statutory scheme is unconstitutional beyond a reasonable doubt and the scheme cannot be construed in any way that is in conformance with constitutional principles. In the context of the void-for-vagueness argument, the Collier Court explained:
 In Anderson, supra, this court unanimously held that "[i]n order to prove such an assertion, the challenging party must show that the statute is vague `not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all. * * *' Coates v. Cincinnati (1971), 402 U.S. 611, 614 [91 S.Ct. 1686, 1688, 29 L.E.2d 214, 217]. In other words, the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law. Thus, to escape responsibility * * *, appellee must prove, beyond a reasonable doubt, that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." Anderson, supra, 57 Ohio St.3d at 171, 566 N.E.2d at 1226-1227.
 A 5tripartite analysis must be applied when examining the void-for-vagueness doctrine. See Papachristou v. City of Jacksonville (1972), 405 U.S. 156, 92 S.Ct. 839, 31 L.E.2d 110; Grayned v. City of Rockford (1972), 408 U.S. 104, 92 S.Ct. 2294, 33 L.E.2d 222; Kolender v. Lawson
(1983), 461 U.S. 352, 103 S.Ct. 1855, 75 L.E.2d 903. In Tanner, supra, Justice Locher instructed that "[t]hese values are first, to provide fair warning to the ordinary citizen so behavior may comport with the dictates of the statute; second, to preclude arbitrary, capricious and generally discriminatory enforcement by officials given too much authority and too few constraints; and third, to ensure that fundamental constitutionally protected freedoms are not unreasonably impinged or inhibited. Proper constitutional analysis necessitates a review of each of these rationales with respect to the challenged statutory language." Id., 15 Ohio St. 3d at 3, 15 OBR at 3, 472 N.E.2d at 691.
* * *
 * * * [T]o be enforceable, legislation need not be drafted with scientific precision. Anderson, supra, 57 Ohio St. 3d at 174, 566 N.E.2d at 1229. Indeed, "`* * * few words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. * * *'" Id., quoting Boyce Motor Lines, Inc. v. United States (1952), 342 U.S. 337, 340, 72 S.Ct. 329, 330-331, 96 L.Ed. 367, 371. See, also, Grayned, supra, 408 U.S. at 110, 92 S.Ct. at 2300, 33 L.E.2d at 228-229. Collier at 269-270.
Pursuant to R.C. 2950.09(C), once a trial court receives a recommendation from the Department of Rehabilitation and Correction that an inmate be classified a sexual predator, the court must determine whether the offender shall be so adjudicated. R.C. 2950.09(C)(2) sets forth the procedure a trial court must follow if it elects to hold a hearing:
 * * * The hearing shall be conducted in the manner described in division (B)(1) of this section regarding hearings conducted under that division and, in making a determination under this division as to whether the offender is sexual predator, the court shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section after reviewing all testimony and evidence presented at the hearing and the factors specified in division (B)(2) of this section, the court shall determine by clear and convincing evidence whether the offender is a sexual predator. * * *
R.C. 2950.09(B)(2) sets forth the factors a trial court must consider when making a determination as to whether an offender is a sexual predator:
 (2) * * * the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contract, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made on or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(C)(2) explicitly delineates the standard of proof (clear and convincing evidence). Although the statute does not specifically state who bears the burden of proof, it is implicit from a reading of the entire statute the burden is upon the movant. Additionally, we find the factors set forth in R.C.2950.09(B)(1) provide the trial court with sufficient criteria from which to make a determination of whether an offender is a sexual predator. Accordingly, we find R.C. 2950.09 is not unconstitutionally vague and the trial court did not err in overruling appellant's motion to dismiss on this basis. See, alsoState v. Myers (Oct. 14, 1998), Washington App. No. 97-CA-36, unreported; State v. White (Dec. 3, 1998), Franklin App. No. 98-AP-516, unreported; State v. Beaucamp (Dec. 30, 1998), Drake App. No. 1463, unreported; State v. Duvall (Dec. 30, 1998), Lorain App. No. 97-CA-006863, unreported.
Appellant's fourth assignment of error is overruled.
 V
In his fifth assignment of error, appellant claims the trial court erred in denying his request for a continuance of the classification hearing.
The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. State v. Unger
(1981), 67 Ohio St.2d 65. The term "abuse of discretion" "* * * connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Montgomery (1991), 61 Ohio St.3d 410,413 (Citation omitted).
Appellant submits because his next scheduled parole hearing was not until November, 2006, the trial court's overruling his request for a continuance denied him the opportunity to build a positive institutional record which the court would be required to weigh in making its determination. In support of his position, appellant relies on R.C. 2950.09(B)(2)(f), which reads:
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders.
It is apparent from a complete reading of this statutory factor the legislature contemplated the completion of a sentence for a prior offense, and not the current offense for which the trial court is making the sexual predator determination. Although appellant implicitly argues this factor is designed to weigh in favor of an offender, the statutory factor could actually be weighed against an offender. If an offender previously had been convicted of a sexual offense and participated in available programs for sexual offenders, but reoffended after the completion of his sentence, this factor would tend to demonstrate the offender is, in fact, a sexual predator as defined by the statute.
Additionally, the statutory scheme of R.C. 2950.09
contemplates a hearing soon after the Department of Rehabilitation and Correction recommends an offender be adjudicated a sexual predator. When the offender is sentenced on or after the effective date of R.C. 2950.09, a trial court is required to conduct the sexual predator hearing prior to sentencing. R.C.2950.09(B)(1). If the offender was sentenced prior to the effective date of R.C. Chapter 2950, and the Department recommends the offender be adjudicated a sexual predator, the statute authorizes the trial court, upon receipt of such recommendation, to conduct a hearing to determine whether the offender is a sexual predator. R.C. 2950.09(C)(2). If the court schedules a hearing, the court is required to notify the offender and the prosecutor of the date, time, and place of the hearing. Id. The hearing is to be conducted in the same manner as a hearing for an offender sentenced after the effective date of the statute. Id. Although the statute does not specifically set forth the time frame in which a trial court must schedule a hearing following receipt of the Department's recommendation, it does not appear the statute contemplates or requires the court hold the hearing near the date of release of the offender.
Assuming, arguendo, R.C. 2950.09(B)(2)(f) applies to the current offense, the fact the trial court may consider whether an offender has participated in available programs does not mandate the time frame in which the court must conduct the classification hearing. Although the trial court may conduct a hearing prior to the offender's having the opportunity to participate in sexual offender programs, such does not render the factor meaningless. An offender, who has been adjudicated a sexual predator, may potentially benefit from subsequent participation in available programs. R.C. 2950.09(D)(1) allows an offender, who has been adjudicated a sexual predator, to petition the trial court to enter a determination he should no longer be classified as such.
R.C. 2950.09(D)(1) reads, in part:
 * * * an offender who has been convicted of or pleaded guilty to a sexually oriented offense and who has been adjudicated as being a sexual predator relative to the sexually oriented offense in the manner described in division (B) or (C) of this section may petition the judge who made the determination that the offender was a sexual predator, or that judge's successor in office, to enter a determination that the offender no longer is a sexual predator. * * *
 (a) * * * if, on or after the effective date of this section, the offender is imprisoned or sentenced to a prison term or other confinement for the sexually oriented offense in relation to which the determination was made, the offender initially may file the petition not earlier than one year prior to the offender's release from the imprisonment, prison term, or other confinement by discharge, parole, judicial release, or any other final release. * * *
 (b) After the offender's initial filing of a petition under division (D)(1)(a) of this section, thereafter, an offender may file a petition under this division upon the expiration of five years after the court has entered an order denying the most recent petition the offender has filed under this division.
Because an offender has an opportunity to petition the trial court for a redetermination of the classification, the court may then consider whether the offender participated in available programs. At that point, the factor becomes relevant.
We further find the trial court's decision to deny appellant's request for a continuance was not arbitrary, unreasonable or unconscionable. On April 23, 1997, the trial court scheduled the hearing for June 11, 1997. On June 11, 1997, the trial court continued the hearing until June 25, 1997. Despite having approximately two month's notice of the hearing date, appellant did not request a continuance until the day of the hearing. The request was not based upon information unavailable to appellant at the time he received notice of the hearing in April, 1997. The trial court was entitled to proceed as planned.
Appellant's fifth assignment of error is overruled.
 VI
In his final assignment of error, appellant submits the trial court's adjudicating him a sexual predator was not supported by clear and convincing evidence.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279.
In its July 22, 1997 Judgment Entry, the trial court stated:
 In considering this matter, the Court has considered all relevant factors including the offender's age, the offender's prior criminal record, the age of the victim, the fact that the offense took place over almost a 6-year time span with ongoing repeated abuse because of the extended time period of the sexual molestation of the victim. This indicated that the Defendant's sexual activity with the victim constituted part of a demonstrated pattern of abuse on a very young victim known by this Defendant for a lengthy period of time.
Although appellant was charged with and convicted of only one count of rape, the offense occurred over a period of almost six years, indicating a continuous course of criminal conduct. Appellant inflicted his abuse upon a very young victim whom appellant had known for a lengthy period of time. We find these two facts alone mitigate in favor of the trial court's decision. Although the trial court had a limited number of documents from which to make its determination, the information contained therein was sufficient for the court to make its determination. Accordingly, we find the trial court's classification of appellant as a sexual predator is supported by some competent, credible evidence, and is not against the manifest weight of the evidence.
Appellant's sixth assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Wise, P.J. and Farmer, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.